UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDY GICHURU,<br>Petitioner,<br>v.<br>ANDRE QUINONES ET AL.,<br>Respondents. | CASE NO. 2:26-cv-04420-JHC<br>ORDER |

This matter comes before the Court on Eddy Gichuru's Petition for Writ of Habeas Corpus. Dkt. 1. Petitioner argues that he is entitled to habeas relief because: (1) his arrest in August 2026, without notice and opportunity to be heard, violated the Due Process clause of the Fifth Amendment; and (2) in October 2026, the immigration judge abused his discretion in denying Petitioner bond based solely on his I-213 Form. *Id.* at 10. After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. Dkt. 3. On November 20, 2026, Respondents filed an "Abbreviated Return." Dkt. 5. Such return does not provide any argument, discussion of the facts, or supplemental evidence. *See generally id.* Instead, it simply "request[s] that this Court decide whether a writ should be granted based on the Petition and related filings." *Id.* at 1.

Here, the petition raises a meritorious due process claim. *See generally* Dkt. 1 (collecting cases). "And the Government's failure to oppose the petition constitutes forfeiture of the arguments it *could* have made." *Contreras Garcia v. Facility Adm'r, Nw. Ice Processing Ctr.*, 2026 WL 3381534, at *1 (W.D. Wash. Nov. 7, 2026) (emphasis in original and citations omitted); *see also B.a.p.s. v. Quinones*, 2026 WL 3465671, at *1-2 (W.D. Wash. Nov. 13, 2026). The Court thus concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

Accordingly, the Court GRANTS the petition (Dkt. 1) and ORDERS as follows:

(1) Respondents shall release Petitioner from custody within 24 hours on reasonable conditions. Upon release, Respondents must also return to Petitioner any personal property currently within their possession and control.

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of November, 2026.

John H. Chun

John H. Chun
United States District Judge